UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:25-cv-01770 MWC-ADS                                              Date: May 9, 2025

Title   Ramon Carter v. Dollar General Corporation *et al.*

Present: The Honorable:   Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (IN CHAMBERS) Order DENYING Plaintiff's motion to remand (Dkt. 14)**

Before the Court is a motion to remand filed by Plaintiff Ramon Carter ("Plaintiff").  Dkt. # 14-1 ("*Mot.*").  Defendants Dollar General Corporation ("Dollar General") and Dolgen California, LLC (collectively, "Defendants") opposed, Dkt. # 20 ("*Opp.*"), and Plaintiff replied, Dkt. # 22 ("*Reply*").  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the moving, opposing, and reply papers, the Court **DENIES** the motion to remand.

I.      Background

Plaintiff brings this putative class action on behalf of himself and a class of mobility impaired California citizens against Defendants for violations of California anti-discrimination statutes.  *See* Dkt. # 1-1 ("*Compl.*").  On January 27, 2025, Plaintiff filed this lawsuit in Los Angeles Superior Court based on three causes of action: (1) violation of California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51 *et seq.*; (2) violations of California Disabled Persons Act, Cal. Civ. Code §§ 54.1 *et seq.*; and (3) violation of Cal. Civ. Code §§ 55 *et seq.  See id.*  As a patron at Defendants' store located in Montclair, CA, Plaintiff alleges that he personally encountered multiple discriminatory barriers.  *Id.* ¶¶ 31, 34, 36.  This lawsuit concerns Defendants' violations across seventeen (17) different stores in the state of California, which includes the Montclair location.  *Id.* ¶¶ 34, 36.  Plaintiff's complaint requests the following forms of relevant relief: (1) minimum statutory damages; (2) injunctive relief to require Defendants to become compliant with California's anti-discrimination statutes; and (3) reasonable attorney's fees and costs.  *See id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-01770 MWC-ADS                                          Date: May 9, 2025

Title   Ramon Carter v. Dollar General Corporation *et al.*

On February 28, 2025, Defendants removed the matter to this Court based on diversity jurisdiction and the Class Action Fairness Act. Dkt. # 1 ("*NOR*"). Plaintiff objects on both grounds and moves to remand. *See Mot.*

II.   Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

When it is not evident from the face of the complaint that the alleged damages exceed $75,000, a defendant must prove by a preponderance of the evidence that the jurisdictional threshold is met. *Valdez v. Allstate Ins.*, 372 F.3d 1115, 1117 (9th Cir. 2004). If the "defendant's assertion of the amount in controversy is challenged . . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). Conclusory allegations that the amount in controversy is satisfied are insufficient. *Matheson v. Progressive Specialty Ins.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) (per curiam).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-01770 MWC-ADS                              Date: May 9, 2025

Title      Ramon Carter v. Dollar General Corporation *et al.*

III.   Discussion

Under 28 U.S.C. § 1332, for the Court to properly have subject matter jurisdiction based on the diversity of the parties, all plaintiffs must be from different states than all defendants and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332; *Exxon Mobile Corp. v. Allapattach Services, Inc.*, 545 U.S. 546, 549 (2005) (holding federal court has diversity jurisdiction over class action where "at least one named plaintiff in the action satisfies the amount-in-controversy requirement"). While diversity of citizenship is not in dispute, Plaintiff contends that Defendants fail to demonstrate that the amount in controversy exceeds $75,000. *Mot.* 4:11–5:7. For the reasons discussed below, the Court is not persuaded and denies Plaintiff's motion to remand.

"[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Commc'ns. Inc.*, 627 F.3d 295, 400 (9th Cir. 2010). "Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citations omitted). Accordingly, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Express, Inc.*, 471 Fed. App'x. 646, 648 (9th Cir. 2012) (citation omitted).

   A.   Statutory Damages

In this action, Plaintiff seeks minimum statutory damages on behalf of Plaintiff against Defendants pursuant to the California anti-discrimination statutes. *Compl.* at 22. The Unruh Act allows for the recovery of monetary damages. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007). A plaintiff may obtain actual damages "for each and every offense" of prohibited discrimination, as well as "any amount that may be determined by a jury . . . up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars." Cal. Civ. Code § 52(a). "While the phrase 'each offense' is undefined, courts have interpreted it according to its most natural reading as 'each violation.'" *Langer v. Joy Hosp. Inc.*, No. 2:19-cv-08950-SK, 2021 WL 5873079, at *2 (C.D. Cal. Oct. 29, 2021). "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski*, 481 F.3d at 731. Plaintiff attempts to limit the statutory damages that he seeks because he was only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:25-cv-01770 MWC-ADS | Date: May 9, 2025 |
| Title   Ramon Carter v. Dollar General Corporation *et al.* | |

deterred on one occasion. *Mot.* 7:1–9; *Reply* 8:15–9:7. From the face of complaint, however, Plaintiff encountered sixteen barriers to accessibility that could entitle him to $4,000 for each barrier, totaling $64,000. *See Compl.* ¶¶ 31, 36; *Gastelum v. Hie River Park LLC*, No. 1:23-cv-00472-SKO, 2023 WL 4161416, at *7 (E.D. Cal. Jun. 22, 2023) ("Plaintiff could be entitled to statutory damages of $4,000 for each of the five barriers to accessibility he encountered, adding up to approximately $20,000 for Unruh Act violations.").

      B.     Injunctive Relief

In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017); *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011). In Unruh Act cases where courts have remanded and ruled on the amount in controversy requirement with respect to injunctive relief, parties submit documentation or declarations to support their estimated injunctive relief values. *See, e.g., Martinez v. Epic Games, Inc.*, No. CV 19-10878-CJC (PJWx), 2020 WL 1164951, at *3–4 (C.D. Cal. Mar. 10, 2020) (examining declarations containing estimates for making websites compliant with ADA and Unruh Act standards); *Mejico v. Online Labels, Inc.*, No. 5:18-cv-02636-ODW (SHKx), 2019 WL 3060819, at *4 (C.D. Cal. Jul. 12, 2019) (finding remediation costs and bid estimates to be relevant to the amount in controversy).

Here, Defendants proffer evidence from Defendants' Director of Safety that they "will likely expend at least $30,000.00 to $40,000.00 to initially comply, approximately $25,000.00 to $35,000.00 to remain in compliance over the next five years, and untold thousands to remain in compliance in perpetuity, especially as the cost of labor and materials continues to rise." *Opp.* 9:10–13 (citing Dkt. # 20-1 ("*Svebek Decl.*"), ¶¶ 3–4). That estimate pertains to remediations across the seventeen (17) stores at issue, not just the one that Plaintiff visited. *Svebek Decl.* ¶ 3. In contrast, Plaintiff provides evidence from a construction expert that "the costs to remediate the bathroom access barriers at the locations in question should cost no more than approximately $250–$500 each, and the parking lot locations should cost no more than $500–$750 each." *Reply* 5:20–25 (citing Dkt. # 22-1, ¶¶ 7-8). At this juncture, considering Plaintiff's evidence, Defendants' value of the injunctive relief is too speculative for the Court to appropriately include it in the amount in controversy. *See Jackson v. Am. Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976) (finding the amount in controversy requirement not met when the protected rights

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-01770 MWC-ADS                                                    Date: May 9, 2025

Title        Ramon Carter v. Dollar General Corporation *et al.*

asserted "appear to be intangible, speculative, and lack the capability of being translated into monetary value"). For purposes of the instant motion, the Court assumes the value of the injunction for the Montclair store would be $1,000 (using the lower end of Plaintiff's estimate) and therefore the amount in controversy sits at $65,000.

    C.    Attorney Fees

Defendants also contend that the estimation of the value of attorneys' fees and costs at issue in this action indicate that the amount in controversy is satisfied. *Opp.* 9:27–10:19. A court must include future attorneys' fees recoverable by statute or contract in assessing whether the amount in controversy is met. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (quoting *Fritsch* for same). While the Unruh Act permits recovery of attorneys' fees, Defendants must prove the amount of attorneys' fees by a preponderance of the evidence. *See Fritsch*, 899 F.3d at 795. "[W]hen such fees are unascertainable on the face of the complaint, [the fees] can be calculated by looking to other attorney's fees awards in similar cases." *Garcia v. ACE Cash Express, Inc.*, No. SACV 14–0285–DOC, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014), at *5 (citing *Kroske v. U. S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)); *see also Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (in estimating future attorneys' fees, district courts may likewise rely on "their own knowledge of customary rates and their experience concerning reasonable and proper fees"). Defendants, in the notice of removal, provide the Court with similar litigations of an Unruh Act claim that led to a recovery of more than $75,000. *NOR* ¶ 22 (citing *Engel v. Worthington*, 60 Cal. App. 4th 628, 635–636 (1997) (finding $80,875 in attorneys' fees for recovering $250 in Unruh damages to be reasonable in 1997)); *Antoninetti v. Chipotle Mexican Grill, Inc.*, 49 F. Supp. 3d 710, 714, 725 (S.D. Cal. 2014) (awarding $317,927.50 in attorneys' fees in Unruh Act disability case predicated on ADA violations, in addition to $898,549 already awarded to counsel in related cases); *see also Rodriguez v. Foot Locker Corp. Servs., Inc.*, No. CV 20-8536-MWF (KSX), 2020 WL 6818448, at *4 (C.D. Cal. Nov. 20, 2020) (relying in part on *Engel* and *Antoninetti* in denying a motion to remand). Considering the monetary damages and the value of injunctive relief, the Court is satisfied that the amount-in-controversy requirement is met by including future attorneys' fees as the inclusion of attorneys' fees has the potential to exceed $75,000 in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-01770 MWC-ADS | Date: May 9, 2025 |
| Title  Ramon Carter v. Dollar General Corporation *et al.* | |

Accordingly, the Court finds that diversity jurisdiction is met.[1]

IV.  Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand.

**IT IS SO ORDERED.**

**Initials of Preparer**   TJ

---

[1] Because the Court finds that diversity jurisdiction is satisfied, it refrains from analyzing CAFA jurisdiction.